Edward T. McCaffrey, J.
Motions under calendar numbers 21 and 46 of August 17, 1967 are consolidated herein and disposed of together.
Petitioner landlord moves pursuant to article 78 of the CPLB in the nature of mandamus to restrain the respondent, New York City Bent and Behabilitation Administration from taking further proceedings in this matter and to compel the Bent Administrator to issue the orders of subdivision pursuant to section 57 of the New York City Bent, Eviction and Behabilitation Begulations in accordance with the court judgments heretofore made.
Bespondent separately moves to dismiss the proceeding for legal insufficiency.
In 1964 petitioner applied pursuant to section 57 of the Bent Begulations to the District Bent Office for certificates of eviction and subdivision in order that the subject premises can be subdivided and remodeled. The District Director held a hearing at which petitioner was directed and required by notice to produce the following;
1. Any and all approved plans, altered building applications, relative to proposed subdivision of subject apartments.
2. Floor plans of each of subject apartments as they now exist, so as to reveal actual rooms in each apartment at present.
3. Estimate of cost of proposed subdivision with itemized statement of all proposed work by contractor.
4. Documentary substantiation of financial ability of landlord to carry out proposed work of subdivision.
5. Any and all records to substantiate alleged number of occupants in each subject apartment.
*805 After a full and complete hearing and upon review and inspection of all of the evidence and records submitted, the District Director issued the necessary eviction and subdivision order in accordance with the requirements of the regulations and the primary jurisdiction vested in him for that purpose. Several tenants of the subject premises instituted a protest proceeding to the respondent herein at which time all objections to the granting of the application by the District Director were raised, could have been raised or should have been raised. The Administrator, after due deliberation and review, granted the protest and reversed the District Director’s determination, finding that the subdivision could not be allowed because the apartments involved did not contain at least six or more rooms, exclusive of bathroom and kitchen, as required by section 57 (subd. a, par. [I1]) of the Rent Regulations. This determination was based on the ¡finding that certain rooms were enclosed areas with a window and a door and consisted of space approximately seven feet by seven feet and were not therefore large enough to constitute a legal room within the meaning of the regulations. Petitioner commenced an article 78 proceeding to review the Rent Administrator’s determination. Special Term (Schweitzer, J.) granted the relief sought by petitioner (Matter of 239, 243 & 247 Corp. v. Gabel, 50 Misc 2d 164), ruling that the rooms were in fact and law of legal size. On appeal, the Appellate Division reversed (26 A D 2d 411) holding that the Administrator’s discretion should not be disturbed. The Court of Appeals reversed and reinstated the order of Special Term (19 N Y 2d 558).
Petitioner thereupon requested respondent to issue the necessary certificates of eviction and orders of subdivision. This request was refused by respondent who now seeks to hold further hearings on the merits of subdivision. The present proceeding is brought to restrain such action and to compel issuance of the required orders. Respondent’s motion seeks dismissal for the reason that the administrative process is not final.
Initially it must be noted that all the merits of the application were presented to the District Director at the hearing held before him. Upon protest the Rent Administrator, in her opinion, said that she ‘ ‘ carefully reviewed- all the evidence in the record and has considered this matter de novo ’ ’ and that ‘ ‘ after a careful consideration of the entire record ” and that “ on the basis of the entire evidence of record ” believed that the protest should be granted for the sole reason that the enclosures found by the District Director to be legal size rooms was erroneous. Nowhere in her determination which was explicitly based on “ the entire evidence of record ”, is there any reference to *806 defects in the merits of the subdivision plan. All subsequent litigation as herein referred to was therefore concerned solely with the question of the legality of the rooms. The Administrator now urges that when the original protest was heard the merits of the plan were not considered. This argument is without foundation, not consistent with the facts and is actually belied by the explicit statement in the Administrator’s opinion that the entire record was reviewed and the matter decided ‘ ‘ de novo ’ ’. Moreover, the Administrator further stated in her protest opinion: “ This protest is being determined pursuant to section 57 of the Rent Eviction and Rehabilitation Regulations which provides
The provisions of that regulation, as fully quoted by the Administrator in her opinion, set forth all of the requirements for establishing the right to an order of subdivision, including that of suitability.
These statements coupled with a complete absence of any indication that the subdivision was disallowed on any grounds other than the failure to meet the six-room requirement, make it abundantly clear that the Administrator not only thoroughly reviewed the determination of the Local District Rent Director but herself reviewed all of the issues- and requirements of the regulations “ de novo ”.
Respondent in any event should, in the circumstances presented, be estopped from placing a limited, restricted and indeed different interpretation as to the meaning of her protest opinion than that which is clearly discernible on the face thereof. A party to proceedings before any administrative agency, whether a landlord or tenant, should at least be allowed to rely upon the quasi-judicial determinations of the agency vested with the sole jurisdiction over the matter before it without being placed in the unfair and prejudicial position of accepting an interpretation of an opinion by that agency which is inconsistent with the clear and unambiguous language thereof. If the Administrator had not .reviewed the merits, as she urges, and limited the scope of her opinion, she should have so said therein. In fact, she said the opposite.
Petitioner has expended large sums of money for alteration and subdivision, has received some 24 certificates of decontrol from the Rent Administration and would be substantially prejudiced in being compelled to accept a strained interpretation of an opinion of the Administrator. Respondent .should not be allowed to claim that she did not mean what she said.
Respondent’s reliance upon some dicta in the opinion of the Court of Appeals is misplaced. The only question before that *807 court was “ whether each of these five flats contained .as many as six rooms”. Because of the limited question presented to the Court of Appeals it is understandable that the Administrator’s protest opinion was not thoroughly reviewed. However, this court is directly presented with that question and after analysis of the facts and circumstances and considering the equities the court can only conclude that the Administrator, and as conceded, the Local District Director, considered the entire merits of the petitioner’s application and could find only that the legal room requirements were lacking. In reversing the only remaining objection to the granting of petitioner’s application, the Court of Appeals reinstated the order of Special Term without modification. Special Term’s decision and order can therefore in no way be regarded as authorizing a reopening of the hearings on the issue of subdivision or the suitability of the accommodations.
Since nothing remains to be done by the Administrator except to further process the matter upon the basis of the consideration of the established merits, the resultant duty is made clear. Nothing remains to be determined. Accordingly, the petitioner’s motion is granted, and the respondent’s motion is denied and the matter is remanded to respondent with the direction to issue the necessary orders of eviction and subdivision.